UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MINDY AND WESLEY WHITFIELD           CIVIL ACTION

VERSUS                               NO. 06-1240

STATE FARM MUTUAL AUTOMOBILE         SECTION "C"
INSURANCE COMPANY, ETC.

ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case. Having determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.    It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The facts presented do not support a finding of the jurisdictional minimum.  According to the petition, the plaintiffs seek under-insured motorist benefits for injuries allegedly sustained in an automobile accident on January 6, 2005.  The suit was filed in state court and removed on the basis of

diversity after the plaintiffs settled with other parties involved in the alleged accident for a total of $10,000.  The plaintiffs did not request a jury trial in state court.

The defendant, State Farm Mutual Automobile Insurance Company ("State Farm") argues that the jurisdictional minimum is satisfied because of the extent of Mindy Whitfield's injuries.  The defendant argues first that the jurisdictional amount is facially apparent because the plaintiffs allege that the defendant "provided uninsured motorist liability limits up to $100,000.00 per person" and that the defendant has acted "arbitrarily and capriciously."   (Rec. Doc. 2, Att.).   The Court is unable to find subject matter jurisdiction based on these allegations alone.

State Farm next argues that the jurisdictional minimum has been established based on the medical records of Mindy Whitfield.[1]  Those records, read most favorably to the defendant, provide a January 2005 impression of "soft tissue strain and ligamentous injury of the cervical spine" and a January 2006 conclusion from a MRI of an "[e]ccentrically prominent inferiorly directed left posterior paracentral herniation of a dehydrated

---

[1] The plaintiff has not responded to the Court's March 15, 2006, order.  (Rec. Doc. 3).  The Court's attempted telephone contacts with counsel for the plaintiffs have been unsuccessful.

C3-C4 disc ..." and a dehydrated C2-C3 disc.  The Court could not find any statement in the medical evidence linking the MRI results with the accident.  The record is devoid of evidence as to the amount of medical expenses incurred, and contains no recommendation or determination that treatment other than conservative care has been made.  There is no showing of disability in the record.

Based on the record and the law, the Court finds that the defendant has not shown at this time that the amount in controversy exceeds $75,000 at the time of removal. See <u>Caruso v. Canal Indemnity Co.</u>, 858 So.2d 31 (La. App. 5th Cir. 2003)($17,500 award for sixteen months of conservative care). The cases relied upon by State Farm are distinguishable: <u>Collins v. Shelter Mutual Insurance Co.</u>, 833 So.2d 1166 (La. App. 2d Cir. 2002)(soft tissue injury causation established, ten years of pain and medical treatment, psychiatric problems); <u>Chapman v. Regional Transit Authority/TSMEL</u>, 681  SO.2d 1301 (La. App. 4th Cir. 1996)(causation established, some disability established, surgery not recommended because of age); <u>Masters v. City of New Orleans</u>, 662 So.2d 125 (La. App. 4th Cir. 1995)(causation established, psychiatric problems and disability).

In addition, the Court is mindful that removal jurisdiction is strictly construed.  <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>,

313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

   Accordingly,

   IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

   New Orleans, Louisiana, this 5th day of May, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE